Filed 6/23/22  P. v. Cuenca CA1/4

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>           v.<br><br>EMANUEL O. CUENCA,<br><br>    Defendant and Appellant. | A162532, A162769<br><br>(Napa County Super. Ct.<br>Nos. CR183992, 20CR002592) |

**MEMORANDUM OPINION**[1]

Appellant Emanuel O. Cuenca appeals from two final judgments in this consolidated matter—the first following a violation of probation hearing where his probation was terminated, and the second following a jury trial where he was found guilty of assault under Penal Code[2] section 240. Cuenca's appointed counsel on appeal has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having conducted an independent review of the record pursuant to the holding in that case, we order the trial court to correct an error made in the sentencing order in connection with the violation of probation but otherwise affirm the judgments.

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

[2] All statutory references are to the Penal Code unless otherwise noted.

1

**A.** *Violation of Probation Case (CR183992)*

On June 28, 2017, police responded to a report that a male, later identified as Cuenca, had assaulted a female on the street. The female, S.C., later told the police that she and Cuenca were sitting in Cuenca's truck in a parking lot, when his "temper flared." He told S.C. to get out of his truck, which she did. As she walked away, Cuenca ran up behind her and put her into a choke hold with his right arm while grabbing her hair with his left hand. He then pulled S.C. back towards his truck and pulled her hair so hard that a handful of it fell out. A police officer approached them at this point, and Cuenca let go of S.C. and ran from the officer. The officer chased after Cuenca and sustained a foot injury during the pursuit. Cuenca was eventually apprehended. On January 26, 2018, Cuenca pleaded no contest to a violation of section 148.10, subdivision (a) (resisting a peace officer that results in serious bodily injury to the officer) and section 236 (false imprisonment of S.C.). The trial court suspended imposition of sentence and placed Cuenca on probation for three years.

On October 26, 2020, the district attorney's office filed a petition to revoke probation. The petition alleged that Cuenca violated the terms of his probation based on the assault detailed below.

**B.** *Assault Case (20CR002592)*

On September 25, 2020, M.O., Cuenca's friend and coworker, accompanied Cuenca on his drive to Calistoga to drop off some PVC pipes. On the drive there, they stopped by a gas station where M.O. bought some drinks. When M.O. returned, he put his drink in the cup holder of the truck. The drink fell out and M.O. noticed that the cup holder was broken. M.O. asked Cuenca if he knew that his cup holder was broken. Cuenca responded no and that he would decide whether to fix it or not. He did not appear upset.

2

The next day, M.O. received angry text messages from Cuenca that accused M.O. of breaking his cup holder. M.O. denied that he broke the cup holder, but offered to pay for its repair if he did break it. Cuenca called M.O. a liar and demanded that M.O. meet him at a house in St. Helena that evening. M.O. agreed. When M.O. arrived, he followed Cuenca through a side gate to the yard. M.O. testified that when he entered the yard, Cuenca started to hit him. M.O. covered his face in defense but did not fight back. Cuenca testified that the two of them were initially talking in the yard but started to fight after M.O. pulled out a knife or box cutter from his pocket. M.O. denied that he had a knife with him that day.

After the fight, M.O. went home but did not tell anyone about the incident. The next day, M.O.'s uncle noticed his injuries and told him to go to the police. M.O. went to the police that afternoon and reported the incident.

Cuenca was charged with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)) and criminal threats (§ 422). Following a jury trial, Cuenca was found guilty of the lesser included offense of simple assault under section 240 and not guilty of criminal threats. The trial court sentenced Cuenca to 180 days in county jail. The trial court also found Cuenca to be in violation of his probation and granted the prosecution's petition to revoke probation. The trial court terminated probation and sentenced Cuenca to four years and eight months in county jail. Cuenca received 748 days of credit towards this sentence.

Cuenca timely appealed the sentencing orders in both cases.

The *Wende* brief filed by Cuenca's counsel does not draw our attention to any issues under *Anders v. California* (1967) 386 U.S. 738, 744. Cuenca was apprised of his right to file a supplemental brief, but he failed to file anything. Following *Wende* guidelines, we have conducted an independent

3

review of the record and conclude there are no meritorious issues to be argued on appeal. We note however, that the March 25, 2021 order in case number CR183992 states that the total term of Cuenca's sentence is four years and therefore does not accurately reflect the trial court's sentence of four years and eight months.

## DISPOSITION

The trial court is ordered to correct its March 25, 2021 order in case number 20CR183992 to reflect that the total term of Cuenca's sentence is four years and eight months. The judgments are otherwise affirmed.

STREETER, Acting P. J.

WE CONCUR:

BROWN, J.
DESAUTELS, J.*

---

\* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.